UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADAM MCLAUGHLIN, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-169-DRL-SLC |
| M. DIAZ *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Adam McLaughlin, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. McLaughlin alleges that, on July 13, 2022, he exited a vehicle and was directed by Fort Wayne Police Officer M. Diaz to get back in the vehicle. Mr. McLaughlin explained that he was on his way in the house and that he had not been driving. Officer Diaz aggressively grabbed Mr. McLaughlin's wrist and forced him against the hood of his car, while bending the arm back and twisting it toward the back of his neck. Officer Diaz ordered Mr. McLaughlin to stop resisting, placed him in a chokehold, and slammed him on the concrete. He was cuffed and sprayed with mace.

Mr. McLaughlin contends that the stop, search, and arrest were unlawful.[1] Unreasonable searches and seizures are prohibited by the Fourth Amendment. *Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021). However, not all warrantless seizures or searches are considered unreasonable. For example, "[a] limited intrusion into an individual's privacy is permitted under the Fourth Amendment where the police have reasonable suspicion to believe criminal activity is afoot." *United States v. Richmond*, 924 F.3d 404, 411 (7th Cir. 2019) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). Such reasonable suspicion "permits the officer to stop the person for a brief time and take additional steps to investigate further." *Hiibel v. Sixth Jud. Dist. Ct. of Nevada, Humboldt Cty.*, 542 U.S. 177, 185 (2004). *Terry* stops can apply to pedestrians as well as those in vehicles. *See Richmond*, 924 F.3d at 409–411. Reasonable suspicion must be evaluated based on the totality of the circumstances, and it "requires more than a hunch but less than probable cause[.]" *Id.* at 411 (citation omitted).

Regarding searches, those performed without warrants are "*per se* unreasonable under the Fourth Amendment unless one of few recognized exceptions applies." *United States v. Leo*, 792 F.3d 742, 748 (7th Cir. 2015). The *Terry* exception applies if reasonable suspicion of criminality exists, which allows "searches to screen persons who may be 'armed and presently dangerous.'" *Richmond*, 924 F.3d at 416 (citing *Terry*, 392 U.S. at 30)).

---

[1] Mr. McLaughlin was charged with unlawful possession of a firearm by a serious violent felon, unlawful carrying of a handgun with prior felony within the last fifteen years, possession of less than six grams of a narcotic drug, and resisting law enforcement. *See McLaughlin v. Indiana*, 02D05-2207-F4-000064. On March 6, 2024, the court granted Mr. McLaughlin's motion to suppress, found that the search and seizure were unlawful, and suppressed evidence obtained pursuant to the stop. On March 12, 2024, all charges were dismissed.

Officers do not need to be absolutely certain the suspect is armed; rather "the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id*. (quoting *Terry*, 392 U.S. at 27). Another exception to the warrant requirement is a search that is performed "incident to a lawful arrest." *United States v. Jenkins*, 850 F.3d 912, 917 (7th Cir. 2017) (citation omitted). "The justification for this exception is the protection of the arresting officer and the preservation of evidence." *Id*. Incident to an arrest, items such as containers that are found on a person may be searched. *Leo*, 792 F.3d at 748; *see also United States v. Jackson*, 377 F.3d 715, 716 (7th Cir. 2004) ("[I]t is reasonable for the police to search the body, clothing, and immediate possessions of anyone in custody following an arrest on probable cause[,] . . . with or without any reason to suspect that the person is armed or carrying contraband."). Additionally, "even a search that occurs before an arrest may be deemed lawful as incident to that arrest, so long as probable cause for an arrest existed independently of the evidence discovered during the search." *Leo*, 792 F.3d at 748 n.1 (citing *Jackson*, 377 F.3d at 716-17).

As to an arrest itself, it is well-settled that "[p]robable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 Fed. Appx. 612, 615 (7th Cir. 2019) (the existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are

sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006); *see also Young*, 987 F.3d at 644 (probable cause is a "common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred") (quoting *Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010)). Giving Mr. McLaughlin the benefit of all inferences, as the court must as this stage of the proceedings, he has stated a Fourth Amendment claim for unlawful stop, seizure, and arrest against Officer M. Diaz.

Excessive force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene[.]" *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id.* (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (quotations and citations omitted). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is about to escape. *See Siler v. City of Kenosha*, 957

4

F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id*.

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id.* (brackets, quotations, and citations omitted). Giving Mr. McLaughlin the benefit of the inferences he is entitled to at this stage of the case, he has stated a Fourth Amendment excessive force claim against Officer M. Diaz.

Mr. McLaughlin is also suing the Fort Wayne Police Department. The police department is not a person or a policymaking unit of government that can be sued for constitutional violations pursuant to 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, Mr. McLaughlin cannot proceed against the Fort Wayne Police Department.

Additionally, Mr. McLaughlin is suing Allen County. For liability to attach against a municipality under § 1983, a plaintiff must show that "deliberate action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997). A plaintiff must show that municipal policymakers

made a "deliberate choice" among various alternatives and that the injury was caused by the policy. *Pemaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). *Frake v. City of Chicago*, 210 F.3d 779 (7th Cir. 2000) (parallel citations omitted). Here, Mr. McLaughlin has not alleged, and based on this complaint it would not be reasonable to infer, that any policy of Allen County caused the incident he alleges.

For these reasons, the court:

(1) GRANTS Adam McLaughlin leave to proceed against Officer M. Diaz in his individual capacity for compensatory and punitive damages for unlawful stop, seizure, arrest, and use of force on July 13, 2022, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Fort Wayne Police Department and Allen County;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer M. Diaz at the Fort Wayne Police Department, with a copy of this order and the complaint (ECF 1);

(5) ORDERS Fort Wayne Police Department to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service and it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer M. Diaz to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

March 29, 2024                              *s/ Damon R. Leichty*
                                            Judge, United States District Court